### KAY v. AETNA CASUALTY & SURETY CO.
No. 61-C-6973.

Circuit Court, Dade County.

April 10, 1962.

Langer & Kramer, Miami, for plaintiff.

Blackwell, Walker & Gray, Miami, for defendant.

RAY PEARSON, Circuit Judge.

The defendant, Aetna Casualty & Surety Co., issued a policy of insurance to the plaintiff, Avi A. Kay, agreeing to pay all

reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and x-ray services that have come about as a result of an automobile accident.

Plaintiff was injured in an automobile accident on October 31, 1960, whereby he sustained multiple injuries and among them, an injury to the abdominal wall. He was treated periodically from the date of the accident by Dr. Ernest O. Herreid, Jr. and by Dr. Modesto M. Mora. He was paid all medical expenses incurred from the date of the accident by the defendant up until May 19, 1961, when the defendant requested him, under the terms of the policy issued, to submit to a lower gastrointestinal x-ray series.

The plaintiff refused to submit to the requested x-ray procedure and the defendant, thereafter, refused to pay for any further medical benefits for the reason that the plaintiff had breached and violated the condition of the insurance contract.

This suit followed. The plaintiff asks this court to construe the following provision in the insurance contract —

"The injured person shall submit to physical examination by physicians selected by the Company when and as often as the Company may reasonably require . . . "

and to determine that the defendant's request for the said x-ray examination was not "reasonably required".

The defendant asks the court to determine that the x-ray examination was "reasonably required", and that the plaintiff's refusal to submit to such examination was unreasonable and in violation of the terms of the policy.

Testimony was taken at a hearing held before the undersigned judge on March 6, 1962, and at that time, the plaintiff, Dr. Modesto M. Mora and Dr. Ernest O. Herreid, Jr., testified on behalf of the plaintiff. Dr. John Bolton, Dr. Robert McNaughton, and John Gilman, a representative of the defendant, testified on behalf of the defendant.

Dr. Modesto M. Mora is a general surgeon and had treated and examined the plaintiff off and on from the date of the accident. He testified that an upper gastrointestinal procedure had been performed on the plaintiff and disclosed a functional dyskinesia of the small bowel tract, with no evidence of organic injury. He stated that Mr. Kay sustained a traumatic injury to the abdominal wall and that his symptoms included crampy abdominal pains with episodes of diarrhea and extreme apprehension. It was Dr. Mora's opinion that a "Lower G.I. Series" would serve no useful

purpose and that it was medically contraindicated by the anxiety reaction of the patient.

Dr. Ernest O. Herreid, Jr., testified that he was a medical doctor specializing in psychiatry and that he had treated the plaintiff regularly from the date of the accident. He also advised the plaintiff against the requested x-ray procedure for the same reasons expressed by Dr. Mora. Dr. Herreid stated that the plaintiff had been nervous and anxious ever since the accident and that a "Lower G.I. Series" would possibly aggravate this condition.

Mr. Kay testified that he had no fear of submitting to the requested x-ray procedure and that his refusal to submit to the examination was based solely on the advice of his treating physicians.

Both Dr. Mora and Dr. Herreid testified that the plaintiff had suffered intermittently from crampy abdominal pains with intermittent diarrhea from the date of the accident up until the date of the requested x-ray examination even though he had been receiving weekly treatment from the time of his injury.

Dr. John Bolton testified that he was a medical doctor and Board Certified in internal medicine. He examined the plaintiff on May 19, 1961, and as a result of his examination and because of the plaintiff's complaints centered about the abdomen, particularly the lower abdomen, including distress and pain in that region, and intermittent diarrhea, he recommended that certain radiological studies be undertaken, specifically the barium enema examination (known as the "Lower G.I. Series"). It was his opinion that the requested x-rays were a necessary and important part of a medical workup for the symptomatology mentioned and that they were ordinary and commonplace in such medical workups and were not considered in any way unusual or dangerous. It was Dr. Bolton's opinion in his report and testimony before the court, without benefit of the requested x-ray studies, that the plaintiff was suffering from an irritable colon syndrome, a condition not related to his earlier automobile collision.

Dr. Bolton was of the opinion that the requested x-ray studies might have revealed that the plaintiff was suffering from conditions not related to the accident or might have revealed that the plaintiff was suffering from a condition that was related to the accident.

Dr. Robert McNaughton testified that he was a medical doctor and a Diplomate of the American Board of Internal Medicine and of the American Board of Gastroenterology. He had not examined the plaintiff but based upon hypothetical questions, he

testified that in his opinion, the requested x-ray examination was necessary in order to properly diagnose the plaintiff's condition and to determine whether the condition he was suffering from was related to the automobile accident that occurred in October of 1960. Dr. McNaughton had performed many of these x-ray examinations himself and testified that there would be no danger to the plaintiff in submitting to the examination. The upper G.I. x-ray series which had been performed was not adequate in that these x-rays would not properly reflect a condition of the colon.

The plaintiff has urged upon the court that the examination not only presented some danger but that it was also unnecessary in that it would not shed any light on the question as to whether his symptoms were related or not related to the automobile accident in question. In support of the latter proposition, he cites Delafield v. Maples, La., 6 So.2d 41. The Delafield case, however, is factually distinguishable for two reasons in addition to the fact that it was a workmen's compensation case. The first reason is that the defendant in that case requested the plaintiff to submit to an examination that required treatment. The Louisiana statute that was similar to the provisions in the policy of insurance in the case at bar, required the plaintiff to present himself for examination and not for treatment. The second reason it is distinguishable is that in that case the examination requested could not have revealed anything more than was already revealed factually and medically. This is not so in the case at bar, since the requested x-ray examination might have shown that the symptoms that the plaintiff was suffering from were related or were not related to the accident.

The pertinent provision of the insurance policy requiring the plaintiff to submit to medical examinations as often as is reasonably required is a common provision. There are no Florida cases on the particular point involved. Erreca v. Western States Life Insurance Company, Cal., 121 P.2d 689, is a case that has a fairly similar background. In the Erreca case, the Supreme Court of California determined that the failure of the insured to submit himself for examination was unreasonable under the circumstances, and determined that the refusal violated a condition precedent of the policy.

After considering all the evidence, I find that the requested x-ray examination of the plaintiff's lower gastrointestinal tract was "reasonably required" under the terms of the defendant's insurance policy and that the plaintiff's refusal to submit to the requested x-ray examination was unreasonable. I further find that the plaintiff's refusal to submit to the requested x-ray examination was and is a breach of a material condition of the contract.